The action stood continued for advisement, and now the opinion of the Court, viz., Sedgwick, Sewall and Parker, justices, was delivered by
Parker, J.
This action is brought to recover the sum subscribed by the defendant on a policy of insurance, whereby the sum of 5000 dollars was insured, on the freight of the brig Rose, for the plaintiff alone, at and from Hispaniola to Philadelphia. The defendant underwrote 1000 dollars, after five other underwriters had subscribed the sum of 2500 dollars. The freight is valued in the policy at 5000 dollars. The vessel and freight were totally lost by means of a capture by a French privateer, and a consequent condemnation ; and the plaintiff must recover, if he had an insurable interest not covered by the subscriptions antecedent to that of the defendant. Whether he had or not must be determined by the facts reported by the judge, and the documents referred to by him in his report.
It is agreed by the parties that the plaintiff and one Foussatt were the joint and equal owners of the brig and of all the [ * 651 ] * cargo on board ; and it appears that the profits on the cargo, had it been safely landed at the port of destination, would have exceeded the sum at which the freight was valued, so that the valuation in the policy was not unreasonable or excessive. And if, upon this policy, the plaintiff can avail himself of the interest of his partner, as the profits of the voyage may be insured under the denomination of freight, he would entitle himself to recover the sum subscribed by the defendant.
But it is objected that the plaintiff’s interest alone is insured, no representation having been made to the underwriters that he had any partner; and the contract being made with him, and upon his sole account, so that it is not competent for him to recover beyond the value of his own interest in the freight insured. And this seems clearly to be the law as well in this country as in England; and it is founded on just principles.
The insured has a right to know for whom, as well as with whom, he contracts, his calculations depending not unfrequently on a knowledge of the characters of those whom he undertakes to indemnify. If the insured acts as agent for others, he should make known the relation in which he stands, and the policy should express, or, at least, the underwriter should be made to know, *571 the interest of all the persons in whose favor his contract is to operate.
In this case, the freight is valued at 5000 dollars. This must be taken to be the whole freight supposed to be earned on the voyage .nsured; for the plaintiff does not communicate to the underwriter any circumstance which could justify another opinion; but speaks and acts, in the contract, as if he was the sole owner of the vessel and freight.
If, however, there were any doubt whether the sum at which the freight was valued was an estimation of the whole, or only of the moiety which belonged to the plaintiff, that doubt is wholly removed by the declaration of the plaintiff himself, made under oath before a notary public in Philadelphia, w'herein he expressly states that the insurance of 5000 dollars, made by his agent Watkins, was on the joint account of himself and partner. This declaration, we think, was properly admitted *in evidence, [ * 652 ] it being the confession of the party under the solemnity of an oath.
It results, then, that the sum at which the freight was valued m the policy, was considered by the plaintiff as the whole freight of the brig Rose; that he was the owner of but one half of that freight, and that his interest was entirely insured by the underwriters, who preceded the defendant on the policy. It is, therefore, clear by the terms of the policy, that nothing can be recovered of the defendant, if the law will not suffer the plaintiff to recover on account of the interest which his partner had in the freight; and that it will not, is clear from the principles before stated, as well as from decisions of high authority.
In the case of Graves & Al. vs. The Boston Marine Insurance Company, (1) the point was precisely brought before the Supreme Court of the United, States on a bill in equity, praying for relief against a supposed mistake in not inserting the name of one of the partners in a policy procured by the other. It was in that case expressly decided that the interest of a partner not named in the policy cannot be proved in order to make out the whole sum insured by the other partner, no partnership being recognized in the policy; and the principle was adhered to in all the attempts which were made to recover the value of the interest of the company.
This decision being had by the highest judicial tribunal, upon a subject on which it is desirable there should be a uniformity throughout the United States, this Court would not be disposed lightly to question it.
*572 We are, therefore, of opinion that the verdict was right, against the plaintiff on the first count, and in his favor on the second, for return of premium; and judgment will be entered accordingly.

 2 Cranch, 419.