[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 81 
The policy in suit contains a warranty not to insure for more than $11,000, and to this is annexed *Page 82 
a condition, that if any larger insurance shall be effected, the policy shall be void. By this and another policy procured from another company on the same day and through the same agent the amount of insurance was $11,000. Under this warrantee and condition the first question is whether the two subsequent policies for $10,000 more were valid, and this depends on the construction of the clause which they contain declaring that they "shall become void if any other insurance be made which together with this insurance shall exceed the sum of ten thousand dollars." I agree with the supreme court that this relates to subsequent and not to prior insurance; and there being none subsequent, it follows that the policies are valid.
The policy in suit is therefore void in consequence of the subsequent insurance, if the interest and risk in both are the same. That the risk is the same is not questioned. In respect to the interest, the two subsequent policies are issued to the plaintiff and his associate Reid, by name, but not for the account of any one else. Their interest alone was therefore insured. Mr. Phillips, upon the authorities which he cites, states the rule to be, that "if a policy does not contain the general clause (`for account of the owners,' or `for whom it may concern,' or `as interest may appear'), no others than those named as insured, or on whose account it is expressed to be made, can avail themselves of it." (1 Phillips on Ins., 160, 2ded.) In such a case it was held in Dumas v. Jones (4Mass., 647) that the insured could recover upon his own interest only, and not upon that of his associate owner. The result is that the subsequent policies cover the interests of only two of the associates while the one in question covers that of all three.
In this view it is claimed that the subsequent policies are upon a different interest and therefore not a violation of the warrantee and condition of the one in question. I cannot, however, come to that conclusion. The subsequent policies are upon the same interest as the prior one, although not *Page 83 
upon the whole of the interest. The engagement in the first policy is not to insure more than $11,000, and I think this is clearly broken when two of the three parties thereby insured effect a further insurance upon their interests in the same subject. Any one of them it seems to me could violate the contract by a subsequent insurance. The clause is intended as a check upon over insurance and the temptations to fraud induced thereby. But an over insurance obtained by one of the parties interested in the first policy is quite as dangerous to the underwriter as it would be if procured by all of them. There is the same temptation to fraud, and the same mischiefs are likely to arise. Moreover, the clause in question does not say that the interest covered by the subsequent insurance must be no greater and no less than the one embraced in the first. The warrantee is against over insurance generally, upon the same subject. If its force can be evaded in this way, then three owners may insure jointly and warrant against any further insurance, and each and all of them may afterwards take separate policies to any amount and the warrantee will still remain unbroken. This is certainly not the spirit of the contract, and I think its letter does not call for such an interpretation.
The judgment should be affirmed.