Comstock, J.
The policy in suit contains a warranty not to insure for more than $11,000, and to this is annexed *82 a condition, that if any larger insurance shall be effected, the policy shall be void. By this and another policy procured from another company on the same day and through the same agent the .amount of insurance was $11,000. Under this warrantee and condition the first question is whethe? the two subsequent policies for $10,000 more were valid, and this depends on the construction of the clause which they contain declaring that they “ shall become void if any other insurance be made which together with this insurance -hall exceed the sum of ten thousand dollars.” I agree with the supreme court that this relates to subsequent and not to' prior insurance; and there being none subsequent, it follows that the policies are valid.
The policy in suit is therefore void in consequence of the subsequent insurance, if the interest and risk in both are the same. That the risk is the same is not questioned. In respect to the interest, the two subsequent policies are issued to the plaintiff and his associate Reid, by name, but not for the account of any one else. Their interest alone was therefore insured. Mr. Phillips, upon the authorities which he cites, states the rule to be, that if a policy does not contain the general clause (‘ for account of the owners,’ or ‘ for whom it may concern,’ or ‘as interest may appear’), no others than those named as insured, or on whose account it is expressed to be made, can avail themselves of it.” (1 Phillips on Ins., 160, 2d ed.) In such a case it was held in Dumas v. Jones (4 Mass., 647) that the insured could recover upon his own interest only, and not upon that of his associate owner. The result is that the subsequent policies cover the interests of only two of the associates, while the one in question covers that of all three.
In this view it is claimed that the subsequent policies are upon a different interest and therefore not a violation of the warrantee and condition of the one in question. I cannot, however, come to that.conclusion. The subsequent policies are upon the same interest as the prior one, although not *83 upon the whole of the interest. The engagement in the first policy is not to insure more than $11,000, and I think this is clearly broken when two of the three parties thereby insured effect a further insurance upon their interests in the same subject. Any one of them it seems to me could violate the contract by a subsequent insurance. The clause is intended as a check upon over insurance and the temptations to fraud induced thereby. But an over insurance obtained by one of the parties interested in the first policy is quite as dangerous to the underwriter as it would be if procured by all of them. There is the same temptation to fraud, and the same mischiefs are likely to arise. Moreover, the clause in question does not say that the interest covered by the subsequent insurance must be no greater and no less than the one embraced in the first. The warrantee is against over insurance generally, upon the same subject. If its force can be evaded in this way, then three owners may insure jointly and warrant against any further insurance, and each and all of them may afterwards take separate policies to any amount and the warrantee will still remain unbroken. This is certainly not the spirit of the contract, and I think its letter does not call for such an interpretation.
The judgment should be affirmed.
A. S. Johnson, J.
Upon the policies issued by the Mutual Insurance Company of Buffalo and the Merchants" Mutual Insurance Company of Milwaukee, on “ account of Henry E. Mussey and Conrad Reid,” the interests which they had in the vessel insured were covered. Whether any other person had also an interest in the vessel, either jointly with them or otherwise, which might also have been the subject of insurance, was immaterial, except in its bearing upon the amount which they could recover. It in no way affected their right to insure to the extent of their interest, (Pacific Ins. Co. v. Catlett, 4 Wend., 75.) The policy in *84 suit was issued to “ Henry E. Mussey, on account of himself and others, as interest may appear,” and it covered the interests of those by whose direction it was effected and for whose benefit it was intended 'to be made. Whether, therefore, it was effected for the benefit of Mussey alone, or for the benefit of Mussey and Reid, as I think the evidence indicates, there can be no question that the whole interest of Mussey was protected by it. If both sets of policies were upon the interests of Mussey and Reid, or in the other veiw, if the policy in suit was on Mussey’s interest, and the two first mentioned policies were upon the interests of Mussey and Reid, a case of double insurance exists. In both cases Mussey’s interest is twice insured, and if both policies could stand and be enforced according to their tenor and unaffected by the special, stipulations in respect to double and over insurance, he would be entitled to double compensation. (1 Phil. on Ins., 3d ed., 201—8.)
The policy in suit, which is also .earliest in date, contains a warranty not to insure over $11,000, and provides that in case of any excess over $11,000, the policy shall be void. The question is, whether that warranty has been broken. The subsequent policies, by which, as the defendants contend, the policy in suit became void, contain the clauses usual in American policies, that in case of prior insurance the insurers shall be answerable only for so much as the prior insurance may be deficient towards fully covering the premises insured; and that in case of subsequent insurance, they shall be answerable to the full amount, without right to claim contribution from such subsequent insurers. They also contain the following clause, upon the construction of which the rights of the parties are materially dependent: “ It is hereby agreed that this policy shall become void if any other insurance be made upon the vessel hereby assured, which together with this insurance shall exceed the sum of $10,000.” On behalf of the plaintiff it is contended that *85 this last clause embraces both prior and subsequent insurances, and that as the policy in suit and that effected at the same time and for the same parties in the Astor Insurance Company, together amounted to $11,000, the two polices which contained the clause in question never became effectual, and that therefore there has been no breach of the warranty in the policy in suit against insurance beyond $11,000. The defendants insist that subsequent insurances alone are intended by the provision in question. The language of this provision relates to subsequent insurances. The policy, it says, shall become void in case other insurance be made beyond a fixed amount. The insurers could have no contribution from subsequent insurers, and they chose to insist that beyond the fixed amount the insured should make no sunsequent insurance, but should bear the risk nimseii.
The judgment should be affirmed
Hubbard, J., dissented. Selden, J., took no part in the decision.
Judgment affirmed.