HORRIDGE *et al.* v. THE DWELLING-HOUSE INSURANCE COMPANY.

1. **Fire Insurance:** PROVISION AGAINST PRIOR INSURANCE: BREACH: WHAT IS. The insurance policy in question was taken by the plaintiffs jointly upon horses and mules which were sometimes kept in a barn owned by the plaintiff H. alone, and in which they were destroyed by the burning of the barn. The policy had the usual clause against prior insurance, and H. at the time held a policy on the barn and contents, in another company. *Held* that this was a breach of the condition against prior insurance on the mules and horses.

2. ———: ———: ———: WAIVER: EVIDENCE ON APPEAL. The question whether there was a waiver of such breach by the agent who took the policy in suit having been found in plaintiffs' favor by the jury on conflicting evidence, this court cannnot interfere with such finding.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, OCTOBER 6, 1888.

THIS is an action upon a policy of insurance against loss or damage by fire. There was a trial by jury, and a verdict and judgment for plaintiffs. Defendant appeals.

*J. C. Traer,* for appellant.

*Geo. M. Gilchrist,* for appellees.

ROTHROCK, J.—I. The policy of insurance was issued on the twenty-fifth day of July, 1885, and by its terms it insured the plaintiffs' mules and horses, owned and kept upon certain premises, against loss by fire, lightning, tornadoes, etc., in the sum of five hundred dollars. On the twentieth day of August, 1886, and during the life of the policy, a barn was burned upon said premises, and two mules and four horses were destroyed by the fire. There is no dispute as to the loss of the property, nor the proofs of loss, or for failure to pay the insurance premiums. The answer, although containing formal denials, really interposes but one defense, which is that at the time the policy in suit was issued, and afterwards, there was a policy of insurance upon the barn which was burned, in the Eden Insurance Company, in the sum of one hundred dollars, and on the contents in the sum of five hundred dollars, and that said mules and horses were part of the contents of the barn at the time it was destroyed, and that the policy of the defendant was therefore void. The policy contained the usual provision that it should be void in case there was other insurance upon the property. The plaintiffs, by their reply, averred that the agent of the defendant, who wrote and issued the policy, knew at the time the insurance was effected that there was a policy in force issued by the Eden Insurance Company, and that by reason of such knowledge the defendant waived the provisions of the policy against prior insurance, and is estopped from claiming the same as a defense.

It appears that the farm upon which the mules and horses were kept, and the barn in which they were sometimes stabled, was owned by the plaintiff Horridge. He and his co-plaintiff Wright owned the horses and mules jointly.   The prior insurance was in the name of Horridge alone. .  Some question appears to have been made upon the trial whether this was in fact and law prior insurance upon the property, within the meaning of the policy in suit.   Indeed, the reply of appellant is somewhat equivocal upon that question.   We think there can be no question that it was such prior insurance as would avoid the policy, unless there was a waiver. It is true, the prior policy was not in the name of both the plaintiffs as the persons assured ; but it was evidently upon the same property, and, as the clause was intended as a protection against double insurance upon the same property,  there can be no doubt that it was within the provision    against    prior    insurance.     See  *Mussey v. Atlas Mut. Ins. Co.*, 14 N. Y. 79.   The provision against prior insurance is violated if there was insurance upon the same risk, and it is immaterial whether the same be taken in the name of one or of both of the joint owners.

II.   The material question of fact in the case was whether the   defendant, by reason of the alleged knowledge of its agent, waived the provision against prior insurance.   Upon this question the evidence is not very clear.   There is a dispute in the abstracts of appellant and appellees as to what the evidence really was, and we have made a full and thorough examination of the transcript, and our conclusion is that we ought not to interfere with the verdict upon the ground that it is not supported by the evidence.   We think the jury could fairly find that the agent knew of the prior policy, and that it covered the live stock.   The apparent lack of evidence upon this question, as it appears to us, arises upon the construction put upon the prior policy by the agent.   We do not have much doubt that he knew its contents, at least, in a general way.

III.   It is claimed by counsel for appellant that the

court, in its instructions, erred in submitting to the jury the question as to the proper construction of the policy in suit. We do not think the jury could have so understood the instructions. As we have said, the issue tried to the jury was the effect of the prior insurance upon the rights of the parties. It is true, there were formal denials in the answer, which required proof upon the part of the plaintiffs. These were fully stated by the court in the instructions to the jury. But, after all, the pivotal and only material question in the case was whether the prior insurance was waived. This was apparent from the averments of the reply. The court plainly directed the jury that if there was prior insurance upon the property by the plaintiffs, or either of them, the policy in suit was void. There was no room for dispute as to whether mules and horses destroyed by fire in a barn should be considered as of the contents of the barn. That appears to have been conceded, so far as the record shows. If not conceded, it appears from the instructions to have been so considered by the court.

IV. Counsel for appellees claim the appeal should not be considered on the ground of defects in the record. We do not think these objections are well taken, and it is unnecessary to set them out or discuss them.

AFFIRMED.