WILLETT L. IRISH, APPELLANT, v. PHILLIP R. PUL-
LIAM, ET AL., APPELLEES.

[FILED MAY 6, 1891.]

Mechanic's Lien: INCOMPLETE AGREEMENT TO WAIVE. In an
action by a material-man to foreclose a mechanic's lien the
owner of the property answered in substance that one P. & Co.
were the lowest bidders for the erection of the buildings; that
they being unable to give bond, the material-man agreed with
him that in consideration of furnishing certain material to P.
& Co. for the erection of the building, he would waive his
lien upon the same, etc. The testimony showed that a memor-
andum was made of the terms of the agreement, but that it was
to be reduced to writing and signed by the parties. Before the
agreement was reduced to writing and signed, the owner let the
contract for the erection of buildings to P. & Co. *Held*, That
under the proof the contract was not to be complete until signed
by the parties, and that the material-man was entitled to a lien.

APPEAL from the district court for Douglas county.
Heard below before WAKELEY, J.

*Winfield S. Strawn*, for appellant, cited cases referred to
in opinion.

*F. L. Weaver, contra.*

MAXWELL, J.

This is an action to foreclose a mechanic's lien.

Pulliam, Dickey & Paul entered into a contract with
Allen H. Fitch to erect a dwelling house for him and his
wife in the city of Omaha, for the sum of $7,244. The
contractors could not, or at least did not, enter into a bond
for the completion of the building according to the plans
and specifications, and to pay the laborers and material-
men. In lieu of this, however, the Fitchs allege in their
answer to the petition: "That said Pulliam, Dickey & Co.

were the lowest bidders therefor, bidding to do said work according to the plans and specifications submitted, at a contract price of $7,244, but were unable to give bonds for the protection of these defendants against liens, and for the satisfactory completion of said work.    Plaintiff thereupon, after looking over and inquiring into the plans, specifications, and contract price, aforesaid, offered, promised, and agreed to furnish all the lumber necessary for the erection of said buildings according to said specifications and contract, and to waive his right of lien therefor, except as to such funds as might remain in the hands of these defendants, due and owing said Pulliam, Dickey & Co. after paying for the labor and the other material not to be furnished by plaintiff under his contract aforesaid, in consideration of and provided that the erection and construction of said buildings be given by these defendants to said Pulliam, Dickey & Co., which offer, promise, and agreement was accepted by defendants, and by them fully carried out and performed, and these defendants made no other or different contract in relation thereto with said parties; that they have paid out and expended the contract price of $7,244 for the furnishings and construction of the buildings aforesaid, and that because of the neglect, failure, and refusal of plaintiff to furnish the lumber according to his contract and agreement as hereinbefore mentioned, defendants, owing to the irresponsibility of said Pulliam, Dickey & Co., have been compelled to and did expend and pay out to their damage, a further sum of $1,607.45 for the lumber necessary to complete said buildings according to the plans and specifications aforesaid."    This is denied in the reply.

The testimony tends to show that the plaintiff, if the contract was let to Pulliam, Dickey & Co., proposed to furnish the lumber for the buildings and waive his lien upon the buildings.    A memorandum was drawn up by the plaintiff Fitch and Pulliam.    This, however, merely contained what purported to be the terms of the agree-

ment. It was not signed by either of the parties, but a formal agreement was to be drawn up and signed. Mr. Fitch, upon cross-examination, testifies in regard to this memorandum as follows:

Q. You say now Mr. Irish agreed to reduce it to writing, sign it himself, and send you a copy?

A. For my signature.

Q. Didn't you swear yesterday he was to reduce it to writing and both sign it and each keep a copy?

A. Words to that effect.

The other testimony in the record tends to show that the agreement was to be reduced to writing and signed by the parties before it took effect. When such is the case the agreement will not be binding in law until it is duly signed. (*Chinnock v. Marchioness of Ely*, 4 D. J. S., 638, 646; *Water Comm'rs v. Brown*, 32 N. J. L., 504; *Eads v. Carondelet*, 42 Mo., 113; *Morrill v. Tehama Co.*, 10 Nev., 125; *Congdon v. Darcy*, 46 Vt., 478; *Fredericks v. Fasnacht*, 30 La. Ann., pt. 1, 117; *Bourne v. Shapleigh*, 9 Mo. App., 64; *MacMackin v. Timmins*, 30 Alb. L. J., 56; *Hough v. Brown*, 19 N. Y., 111; 3 Am. & Eng. Ency. of Law, 854.) The fact that the parties stipulated to reduce the agreement to writing, which was to be signed by the parties, is strong evidence to show that they did not intend the agreement to be complete until reduced to writing and signed. (*Ridgway v. Wharton*, 6 H. L. C., 238; *Lyman v. Robinson*, 14 Allen, 242; *Brown v. R. Co.*, 4 N. Y., 79; *Methudy v. Ross*, 10 Mo. App., 101; 3 Am. & Eng. Ency. of Law, 855.)

The case at bar furnishes an illustration of the necessity for reducing a contract of that kind to writing, and both parties sign the same, as the parties wholly disagree as to the terms of the alleged memorandum. The building seems to have cost very much more than the contract price. Just what changes were made in the plans and specifications is not clear, nor are they material in this case. Mr.

Fitch, without waiting until the contract with the plaintiff in regard to furnishing the lumber and waiving his lien therefor was reduced to writing and signed, entered into a contract with Pulliam, Dickey & Co., for the erection of the building. The plaintiff had not at that time waived his lien, although the terms of agreement seem to have been substantially settled. There is always a liability, however, for parties to disagree as to the details of a contract like that in controversy, and, therefore, until the agreement is entered into, the contract was not complete. (*Connery v. Best,* 1 C. & E., 291; *Bushell v. Pocock,* 53 L. T. N. S., 860; *Hawkesworth v. Chaffey,* 54 Id., 72; 3 Am. & Eng. Ency. of Law, 855.)

The defendants whose names are not mentioned in this opinion are alleged to be lien-holders and their rights are not affected.

The judgment of the court below against Allen Fitch and wife is reversed, and a decree will be entered in this court for the amount due the plaintiff, and for foreclosure of his lien upon the property.

JUDGMENT ACCORDINGLY.

THE other judges concur.