**ABILENE WHITE TRUCK COMPANY, Appellant,**

v.

**Howard PETREY et al., Appellees.**

No. 16571.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 30, 1964.

Rehearing Denied Dec. 4, 1964.

Brooks & Jones and David L. Smith, Abilene, for appellant.

George C. Kemble and Robert Hobbs, Fort Worth, for appellees.

LANGDON, Justice.

This is an appeal from a summary judgment in a case wherein both sides filed motions and agree that either appellant or appellees are entitled to judgment as a matter of law on the record.

On March 21, 1960, Howard Petrey contracted to purchase some machinery from the appellant Abilene White Truck Company. He signed a note for the purchase price and joined by his wife signed a Deed of Trust covering three lots in Westland, Tarrant County, Texas to secure the note. The Deed of Trust provided that the property be "fully insured in some company or companies approved by the holder of said indebtedness to whom the loss, if any, shall be payable. * * *"

Petrey insured the property as required with the Kansas City Fire and Marine Insurance Company but failed to provide that the policy be made payable to the mortgagee (the truck company) as its interest may appear which he was required to do under the terms of the Deed of Trust.

Petrey fell into default on the note. The Abilene White Truck Company sued on the note and for foreclosure under the Deed of Trust.

On January 2, 1962, the Abilene White Truck Company obtained judgment on the note and an order of foreclosure under the Deed of Trust covering the property in question.

On January 22, 1962, some 20 days after such judgment the property involved sustained a fire loss.

On June 29, 1962, the appellant filed a petition for writ of garnishment against the Insurance Company for the proceeds of the policy in Cause No. 25949–C in the 96th District Court of Tarrant County.

On January 23, 1963, Howard Petrey, d/b/a Petrey & Sons, filed suit against the insurance company on the policy to collect the proceeds due him as result of the fire loss in Cause No. 28457–C in the 48th District Court of Tarrant County.

On April 26, 1963, the two causes of action Nos. 25949–C and 28457–C were consolidated. In its order of consolidation the court recited that the suit shall proceed under cause No. 28457–C in the 48th District Court and that all parties to the suit, as consolidated, may file new pleadings appropriate to the consolidated suit. To this point the only parties in interest involved in the litigation were Howard Petrey, d/b/a Petrey & Sons, Abilene White Truck Company and the Insurance Company.

On June 12, 1963, Howard Petrey, d/b/a Petrey & Sons, and George C. Kemble and Robert Hobbs filed "Claimants Original Petition", in the consolidated cause. The latter two claimed the proceeds under an assignment dated January 29, 1962, signed by Petrey without joinder of his wife. The petition further recited that if for any reason the assignment was invalid the proceeds should be payable to Petrey. These claimants, appellees, contend that the appellant is limited to his action in garnishment which is invalid because the property which sustained the fire loss was Petrey's business homestead. Appellees in their pleadings refer to an agreement set forth in the court's order of consolidation by which the parties hereto reserved all rights either side may have to the proceeds of the

policy. On August 23, 1963, with approval of all parties the court entered an order discharging Kansas City Fire and Marine Insurance Company upon its payment of $3,350.00 into the registry of the court. The order recited that the sum of $3,350.00 "will stand in lieu of the claims heretofore made by the other parties to this suit against Kansas City Fire and Marine Insurance Company * * * and said other parties may continue to assert and litigate their claims against said amount to the same extent that they could have asserted a claim to benefits due under said policy of insurance."

The Deed of Trust signed by Petrey and his wife contained the usual declaration that the property covered thereby formed no part of any property which was owned, used, occupied or claimed by them as their homestead.

In his affidavit attached to his motion for summary judgment Petrey claimed the property was his homestead on the date of the fire (January 22, 1962).

The Abilene White Truck Company claimed the proceeds of the policy on the basis of an equitable lien arising under the provision of the Deed of Trust which provided that the policy be made payable to it.

We reverse and render.

In the case of Kirkpatrick v. Great American Ins. Co., 299 S.W. 943 (Waco Civ.App., 1927, no writ hist.), it was stated, "If the mortgagor agrees with the mortgagee to take out insurance on the mortgaged property for the benefit of the mortgagee, and does procure a policy on such property, but fails to have the loss made payable to the mortgagee, as his interest may appear, the mortgagee, in case of a loss, will have an equitable lien upon the money due on such policy. Equity regards that as done which should have been done. (Authorities cited.) There can be no doubt but that by reason of the obligation on the part of Kirkpatrick to insure said property for the benefit of McCauley that J. B. Mc-

Cauley acquired an equitable lien on said $200. It is also true his equitable lien accrued prior to the transfer to the Itasca National Bank, and it seems to be the settled rule of law in this state that assignments, whether legal or equitable, take effect in the order in which they are made. As said by our Supreme Court in Hess & Skinner Engineering Co. v. Turney, 110 Tex. [148] 155, 216 S.W. [621] 623: 'In our opinion the rule is sound, which gives priority in rank to equitable assignments in the order of their dates, without regard to notice to the debtor. * * * The debtor is fully protected because he is not affected by the assignment until notified, and the subsequent assignee, in dealing with a chose in action, is chargeable with knowledge that he can get no better right than that of his assignor.' " See also 32 Tex.Jur.2d 690, § 461; Gilbert v. Mooring, 88 S.W.2d 537 (Eastland Civ.App., 1935, dism.); House v. Brackins, 130 S.W.2d 917 (Dallas Civ.App., 1939, no writ hist.); Fidelity & Guar. Ins. Corp. v. Super-Cold Southwest Co., 225 S.W.2d 924 (Amarillo Civ.App., 1949, ref., n. r. e.).

■ Under the record in this case Petrey was charged with the duty of obtaining a policy of insurance with loss payable to the Abilene White Truck Company. The latter had a prior right to the proceeds of such policy when the property covered was destroyed while the debt was unpaid even though Petrey failed to provide that the loss be payable to it. This right was not affected by Petrey's subsequent attempt to assign the proceeds of the policy. Thus the assignees acquired no better right than that of Petrey. The proceeds in question are subject to an equitable lien in favor of the truck company.

■ The appellees' counterpoint based upon the homestead character of the property as of the date of the fire is overruled since the character or status of the property on the date the Deed of Trust was executed controls.

■ Further, the court's order of consolidation did not limit the appellant to its garnishment action rather than a claim to the proceeds of the policy based upon an equitable lien thereto. Appellees' counter-points are all overruled. The judgment is reversed and rendered in favor of the appellant, Abilene White Truck Company.