INSURANCE COMPANY of NORTH AMERICA et al
v. Billy B. NICHOLAS, Administrator

75-238                                      533 S.W. 2d 204

Opinion delivered March 1, 1976

*Wright, Lindsey & Jennings,* and *Plegge, Lowe & Whitmore,* for appellants.

*Kay L. Matthews,* for appellee.

GEORGE ROSE SMITH, Justice. This multi-party lawsuit arose as a result of there having been two concurrent fire insurance policies upon a house in Little Rock that was partially damaged by fire on December 2, 1972. The record owner, Hallie B. Nicholas, died some months later. The appellee, as the administrator of Mrs. Nicholas's estate, brought this suit against the two insurance companies (joining as defendants the other beneficiaries of the policies). The chancellor's decree held each insurer liable in the amount sued for, with penalty and attorney's fees. For reversal each insurer contends that it is not liable to the extent found by the chancellor.

The facts are not in dispute. Mrs. Nicholas originally owned the house, subject to a mortgage not in controversy. She sold the property, by an installment contract, to Edward D. Briscoe, Jr. At that time one of the insurers, Fireman's Fund, insured the property for $10,000, naming Mrs. Nicholas and Briscoe as the insureds. That policy contained a "pro rata" other insurance clause (a term explained in *Ark. Grain Corp.* v. *Lloyd's,* 240 Ark. 750, 402 S.W. 2d 118 [1966]). Briscoe later contracted to sell the property to Cleaster Coates. The other insurer, INA, then insured the property for $11,000, naming Briscoe and Coates as the insureds. That policy contained an "escape" other insurance clause (also explained in *Lloyd's*).

The fire damage amounted to $13,153.47. The two insurers took different courses. INA, without invoking its escape clause, simply paid the full amount of its policy, $11,-000, to its insureds, Briscoe and Coates, who presumably divided the money as they saw fit. Briscoe, before this suit was filed, fell behind in his payments to Mrs. Nicholas and reconveyed his interest to her. While the suit was pending Briscoe was adjudicated a bankrupt and was dismissed from the case.

The other insurer, Fireman's Fund, invoked the benefit of its pro rata clause by tendering to its insureds, Nicholas and Briscoe, its proportionate part (10/21st) of the loss. Nicholas rejected the tender and brought this suit, successfully contending in the trial court that Fireman's Fund is liable to him for its full $10,000 and that INA is liable to him for the remaining $3,153.47 of the loss.

We first consider INA's appeal. Here the issue is comparatively simple. An insurance policy is ordinarily a personal contract, upon which the insured alone is entitled to recover. *Langford* v. *Searcy College*, 73 Ark. 211, 83 S.W. 944 (1904). INA was therefore justified in admitting liability, waiving its escape clause, and paying the full amount of its coverage to its named insureds, Briscoe and Coates. It makes no difference that INA knew of Mrs. Nicholas's interest in the property when it paid the loss. Whatever claim Mrs. Nicholas might have asserted against INA was necessarily derived from Briscoe and was extinguished when INA paid Briscoe in full. Mrs. Nicholas could not claim the benefits of Briscoe's INA policy without also being subject to its burdens. Nicholas also asserts an equitable lien against the proceeds of the INA policy, but that also was a matter between Mrs. Nicholas and Briscoe. It is argued that this lien theory is supported by the presence of a standard mortgage clause in the INA policy. That clause, however, was never activated, because no mortgagee was named in the policy (as the clause required). We conclude that the chancellor erred in holding INA liable to Nicholas.

As to Fireman's Fund, the pivotal question is whether the INA policy constituted other insurance within the meaning of Fireman's Fund's pro rata clause. Such double insurance exists when the two policies cover the same interests in the same property, against the same risks, and for the benefit of the same person. Couch on Insurance 2d, § 37:1394 (1962). Here the questions are whether the two policies covered the same interests for the benefit of the same person.

Briscoe's insured interest under the two policies was evidently the same. What he purchased from Mrs. Nicholas is what he sold to Coates — nothing more, nothing less. That he was paying Mrs. Nicholas and being paid by Coates did

not divide his estate into two ownerships. It must be remembered that the purpose of the pro rata clause is to protect the insurer against the hazards of overinsurance. Such a hazard would have existed if Briscoe had insured the full value of his estate with two different insurers.

By the same reasoning the two policies were for the benefit of the same person — Briscoe. This particular point seems to have arisen very infrequently, but the cases are uniform in holding that there is double insurance where the same person is an insured in each policy. *Horridge* v. *Dwelling-House, Ins. Co.,* 75 Iowa 375, 39 N.W. 648 (1888); *Pitney* v. *Glen's Falls Ins. Co.,* 65 N.Y. 6 (1875); *Mussey* v. *Atlas Mut. Ins. Co.,* 14 N.Y. 79 (1856). Again the hazard of overinsurance would exist if Briscoe could recover in full under each policy. As a matter of fact, owing to INA's waiver of its escape clause, the two insurers will pay $11,000 plus $6,263.56, a total that exceeds the physical damage of $13,153.47. If the Nicholas estate sustains a loss it will be attributable .o Mrs. Nicholas's not having taken out a policy by herself, instead of with Briscoe, and to the latter's insolvency after he was paid by INA. Needless to say, principles of law that reach a sound result with respect to solvent litigants cannot be abrogated simply because the fortuitous intervention of insolvency may cause a hardship.

Reversed and remanded for the entry of a decree in harmony with this opinion.

BYRD, J., dissents.

FOGLEMAN, J., not participating.

CONLEY BYRD, Justice, dissenting. I disagree with so much of the majority opinion as holds that the INA policy constituted other insurance to Mrs. Nicholas. The Fireman's Fund policy lists the insured's name and address as follows:

"Mrs. Hallie Nicholas, Vendor and
Ed Briscoe, Vendee
Arkansas Abstract Company
212 Center Street
Little Rock, Arkansas"

In 44 Am. Jr. 2d INSURANCE § 1808 it is stated:

"It is generally held that in order for a proportionate recovery clause to operate in the insurer's favor, there must, under the policies, be both an identity of the insured interest and an identity of risk; and the requirement with respect to an identity of risk is not obviated by the fact that the apportionment clause refers to other insurance 'whether concurrent or not.' "

In 6 Appleman, INSURANCE LAW AND PRACTICE § 3905 (1972), the author states:

"The apportionment of loss between concurrent insurers is proper, where the policy so provides. Proration provisions are inserted in insurance policies to relieve the insurer from the burden of litigating with the insured as to the validity of other policies, and to eliminate any inducement to the insured to commit fraud. But *every rule of construction in apportioning losses must yield to the right of the insured to be fully indemnified, and it must always be remembered that the contribution clause in an insurance policy should not be so applied as to diminish the protection of the insured.*" [Emphasis mine]

In COUCH ON INSURANCE 2d § 37:1394 (1962), the author states:

"By definition, other or double insurance exists where two or more policies of insurance are effected upon or cover the same interests in the same property, against the same risks, and in favor of, or for the benefit of, the same person. As all of these conditions must concur, it follows that if different persons have different interests in the same subject of insurance, each may insure his interest without effecting other or double insurance. Likewise a policy of insurance containing a stipulation against 'other insurance' is not invalidated by the fact that at the time of its issuance a prior policy covering the same property is in existence, unless the insured has an interest in such prior policy, or will derive a benefit under it, in the event of the destruction of the property."

Also, in 5 Appleman, INSURANCE LAW AND PRACTICE § 3057 (1970), the author states:

> "The better rule is to the effect that the interests of vendor and vendee are distinct and different, and that an insurance by such vendee upon his own interest will not nullify insurance previously taken out by the vendor. . . . ."

Furthermore, the trial court found: (Decree of Oct. 10, 1974)

> "16. That the plaintiff was never at any time informed by any of the parties of the existence of the policy coverage issued by the defendant, Insurance Company of North America, and had no actual knowledge of that fact until after payment had been made by Insurance Company of North America to Coates and Briscoe."

Thus, while I would prefer that the pro-ration be denied on the theory that it should yield to the right of Mrs. Nicholas to be fully indemnified, there is another basis upon which it should be denied — i.e. another policy obtained without the knowledge of the insured does not constitute other insurance. See *Hall* v. *Concordia Fire Ins. Co.*, 90 Mich. 403, 51 N.W. 524 (1892), *St. Paul Fire & Marine Insurance Co.* v. *Crutchfield*, 162 Tex. 586, 350 S.W. 2d 534 (1961) and 5 Appleman, INSURANCE LAW AND PRACTICE § 3909 (1972).

Therefore, I would enter judgment against Fireman's Fund for the full amount of the policy, the 12% statutory penalty and a $2,500 attorney's fee.

For the reasons stated, I respectfully dissent.