Steve DeFRANCO and Ingrid Jefferts, Plaintiffs,

v.

VALLEY FORGE INSURANCE COMPANY, A subsidiary of CNA Insurance Company, Defendant.

No. LR–C–80–428.

United States District Court, E. D. Arkansas, W. D.

Oct. 23, 1981.

Eugene Mazzanti, Mazzanti & Earl, Little Rock, Ark., for plaintiffs.

Pat Goss, Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

WOODS, District Judge.

Plaintiffs filed a complaint on September 5, 1980 and an amended complaint on October 9, 1981 seeking to recover proceeds of a policy of insurance issued by the defendant to Curtis and Anna M. Ratliff on May 22, 1979. Pending before the Court is the defendant's motion for summary judgment. The material facts are undisputed and are as follows:

1. Valley Forge Insurance Company issued a policy of homeowners' insurance to Curtis and Anna M. Ratliff, with Savers Federal Savings and Loan Association listed as mortgagee, insuring against loss by fire the property located at 9708 Geyer Springs Road.

2. This policy covered the period from May 22, 1979 to May 22, 1980.

3. By quitclaim deed recorded September 19, 1979, Curtis Ratliff and Anna Ratliff transfered a one-half interest in the property located at 9708 Geyer Springs Road to one of the plaintiffs, Ingrid Jefferts.

4. For the purposes of ruling on this motion for summary judgment, the Court assumes that the plaintiff DeFranco did loan the funds to Ingrid Jefferts for her use in purchasing the property from the Ratliffs and that the plaintiffs had an insurable interest in the subject property.

5. The mortgagee had notice of Ingrid Jefferts' interest by virtue of the fact that she began making payments to them on the mortgage originally executed by the Ratliffs in favor of Savers Federal Savings and Loan Association.

6. No endorsement was ever issued by the defendant making the plaintiffs either named insureds or loss payees on the insurance policy.

7. On December 28, 1979, the dwelling insured by the policy was damaged by fire.

8. Curtis and Anna M. Ratliff submitted a verified proof of loss showing their loss in the amount of $37,357.56.

9. The interest of the mortgagee, Savers Federal Savings and Loan Association, exceeded the amount claimed in the Ratliff's proof of loss and, therefore, the mortgagee ultimately received all of the insurance proceeds.

 The plaintiffs make other allegations regarding statements made to agents of the defendant and/or statements made by agents of the defendant both before and after the loss in 1979. It is readily apparent that post-loss statements would have no bearing on whether or not a contract of insurance existed which ran in favor of the plaintiffs. To the extent that the plaintiffs argue that these post-loss and pre-loss statements estopped the defendants from denying coverage, plaintiffs overlook the established principle that estoppel may not be asserted to extend the coverage of a policy to risks not covered by its terms. Estoppel is unavailable to the plaintiffs in the instant action to claim entitlement to proceeds of an insurance contract to which they were not parties. *Peoples Protective Life Insurance Co. v. Smith*, 257 Ark. 76, 514 S.W.2d 400 (1974). In assessing its risks and in entering into a contract of insurance, an insurer is entitled to know the persons who will reside in the insured premises and will be potential loss payees under the policy. Only when this is expressed in the policy can an insurer fully know the risk which it undertakes when it enters into a contract of insurance. For this reason estoppel cannot be used to extend coverage of an insurance policy.

The fact that the defendants may have known of the claimed insurable interests of the plaintiffs is not dispositive of the issues. *Insurance Company of North America v. Nicholas*, 259 Ark. 390, 533 S.W.2d 204 (1976).

 These same policy reasons prevent the plaintiffs from recovering under their theory of third-party beneficiary. It is the time of contracting which the court must focus upon in determining whether or not the plaintiffs could be considered third-party beneficiaries of the insurance policy in question. By no stretch of the imagination could it be argued that, at the time of contracting, the plaintiffs were intended beneficiaries. Further, third-party beneficiary principles should not be invoked in a manner contrary to established estoppel principles controlling this insurance litigation.

Therefore, the Court finds that there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.