Archie WADE, et ux., Appellants,

v.

Joe SEEBURG, AKA Joe Seelbach,
et al., Appellees.

No. 9317.

Court of Appeals of Texas,
Texarkana.

Feb. 6, 1985.

Rehearing Denied March 5, 1985.

Mike Smith, Erskine, Smith & McMahon, Gilmer, for appellants.

Joe P. Taylor, Longview, for appellees.

CORNELIUS, Chief Justice.

Archie and Margie Wade appeal from a judgment awarding Joe Seeburg a portion of the proceeds of a fire insurance policy covering property they purchased from Seeburg. Although Seeburg was not named in the fire policy, the court awarded him a portion of the proceeds on the ground that the Wades had contracted with him to keep the property insured for his benefit. The Wades contend it was improper for the judgment to award Seeburg the proceeds directly, the pleadings are insufficient, and the judgment unjustly enriched Seeburg. We will affirm the judgment.

The Wades purchased a mobile home and lot from Seeburg in April of 1982. They paid $5,000.00 down and signed a vendor's lien note for $25,000.00 payable in monthly installments of $500.00. The mobile home burned on January 28, 1983. The Wades had purchased a fire insurance policy in which Archie Wade was the named insured. The policy listed Seeburg as a lienholder, but he was not named in the policy's loss payable clause. The insurer paid the proceeds of the policy into the registry of the court. At the time of the fire the Wades had missed one monthly payment, and they made no payments after the fire. At the time of the trial, the amount of the insurance proceeds was $11,625.00 ($750.00 having been deducted as the attorney's fee for the insurance company's attorneys).

Trial was to the court without a jury. No findings of fact or conclusions of law were requested or filed. The judgment awarded Seeburg $8,000.00 of the insurance proceeds directly, and awarded him a lien on the remainder of the proceeds ($3,625.00).

■ Even though not listed as an insured in a fire insurance policy, a vendor-mortgagee may recover the proceeds of such a policy where the vendee-mortgagor has agreed to insure the property for the benefit of the vendor-mortgagee. *Farmers Ins. Exchange v. Nelson*, 479 S.W.2d 717 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.); *Abilene White Truck Co. v. Petrey*, 384 S.W.2d 211 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.); *Fidelity & Guar. Ins. Corp. v. Super-Cold Southwest Co.*, 225 S.W.2d 924 (Tex.Civ.App.—Amarillo 1949, writ ref'd n.r.e.). The right to the proceeds may be enforced by suit directly against the insurer.

■ The Wades executed a deed of trust which expressly provided that they would keep the mortgaged property insured for Seeburg's protection against loss by fire. Thus, the court correctly awarded Seeburg judgment for the amount of his debt.

■ We find the pleadings sufficient to support the judgment. Seeburg alleged the facts giving rise to his equitable claim to the proceeds and prayed for recovery of them as well as for foreclosure of his lien. The pleading supports the judgment as it demands, in part, the relief obtained and reasonably apprises the Wades of the nature of the claim.

The testimony supports the conclusion that at the time of the trial the Wades were in default on the note in the amount awarded to Seeburg by the judgment. The remainder of the proceeds are held subject to an equitable lien and will be paid to Seeburg only if the Wades fall further into default. Seeburg has not been unjustly enriched since he has only been awarded an amount equivalent to the unpaid monthly payments in the court's award arising from his equitable lien on the proceeds, and because any right to the recovery of the balance of the proceeds depends upon the failure of the Wades to make their future payments on the note.

The judgment of the trial court is affirmed.