**HOPKINS v. WALTER CONNALLY & CO. et al. (No. 143-3074.)**

(Commission of Appeals of Texas, Section B. June 2, 1920.)

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by F. N. Hopkins against Walter Connally & Co. and others. From the judgment Connally & Co. appealed to the Court of Civil Appeals, which reversed and remanded, with instructions (195 S. W. 656), and plaintiff brings error. Judgment of the Court of Civil Appeals affirmed, on recommendation of the Commission of Appeals.

W. W. Campbell, of Houston, and C. A. Leddy, of Eastland, and Clark & Sweeton, of Greenville, for plaintiff in error.

Price & Beaird, of Tyler, and R. L. Porter, of Greenville, for defendant in error.

SADLER, P. J. The opinion of the Court of Civil Appeals is reported in 195 S. W. 656. The statement of the case is fully set forth and the questions presented carefully discussed in the opinion. We deem it unnecessary to here restate the facts. The Court of Civil Appeals adopts as correct all of the findings of the trial court, except that to the effect that D. S. Armstrong, as trustee for F. N. Hopkins, was in possession of the policy of insurance in question. That court holds that the evidence is insufficient to support that particular finding of fact by the trial court.

As we construe this record, the decision rests in the ascertainment, first of the rule to be applied in determining the priority in right of mortgagees, where a prior real estate mortgagee having a fixed lien on the improvements on real estate, consents to the removal of the existing improvements, in the view that they will be replaced by new, without notice to or the consent of the real estate mortgagee that the seller of the new improvement will and does reserve to himself the title in the attached movable by conditional sale or mortgage predating the attachment; secondly, in determining the priority of right of such mortgagees in the proceeds of a fire insurance policy covering the attached movable, where each contract obligates the mortgagor in possession to cover the improvements upon the real estate for the protection of the respective obligations; and, thirdly, in determining the scope of a contract held by a prior real estate mortgagee, requiring the mortgagor to cover the improvements on real estate with fire insurance in protection of the debt secured by the lien.

The Supreme Court having indicated to us

that it is of the view that the appellate court has correctly disposed of the case, and the opinion of that court presenting a full discussion of the questions involved, we do not deem it necessary to enter into an extensive discussion of the reasons in support of the conclusion of that court. Suffice it to say that the decision of the Court of Civil Appeals should be approved.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.