**FARMERS INSURANCE EXCHANGE,**
Appellant,

v.

**Charles D. NELSON, Appellee.**

**No. 5105.**

Court of Civil Appeals of Texas, Waco.

April 13, 1972.

Rehearing Denied May 11, 1972.

Naman, Howell, Smith & Chase, George Chase, Roy L. Barrett, Waco, for appellant.

Dawson & Dawson, Leighton Dawson, Corsicana, for appellee.

## OPINION

HALL, Justice.

At all times pertinent to this cause, the plaintiff-appellee, Charles D. Nelson, was the owner of a building located in Corsicana, Texas, and a substantial amount of equipment and furnishings in the building that was used in the restaurant business. On June 27, 1969, plaintiff leased the building and the equipment to Meredith Twomey, the wife of Tommy L. Twomey. In the written lease agreement, Mrs. Twomey agreed to "carry fire, theft and vandalism insurance in an amount satisfactory to Lessor, with loss payable clause to both Lessor and Lessee as interest appears." Mr. and Mrs. Twomey added some furnishings owned by them to those leased from plaintiff and began operation of the restaurant. On July 17, 1969, Mr. Twomey purchased a fire, lightning and extended coverage policy from appellant, Farmers Insurance Exchange, which provided $20,000 total insurance on the contents of the building. The policy was issued to "Tommy T. Twomey, d/b/a Golden Nugget Restaurant," as the named insured. The policy made no reference to plaintiff, and Farmers was not advised that plaintiff owned any interest in the building or its contents. In fact, the written application made by Mr. Twomey to Farmers showed him to be the owner of the property, and

no reference was made to any other having any interest therein. Plaintiff did not know that the Twomeys failed to comply with the insurance provision of the lease.

On September 22, 1969, the building and its contents were destroyed by fire. Farmers learned of the fire the next day. A few days before the fire, the Twomeys closed the business, and removed most if not all of their furnishings from the building. After the fire, the Twomeys did not comply with the terms and conditions of the policy, and they have made no attempt to recover against Farmers for any loss suffered by them.

Plaintiff's attorneys mailed a letter to Farmers on September 30, 1969, regarding the fire. After identifying the leased premises, they stated:

"Mr. Nelson tells us that the improvements on this property were destroyed by fire on September 22, 1969. Mr. Nelson was the owner of both the building and the equipment located therein. Under the lease he had with Mr. Twomey the contents were supposed to have been insured by Mr. Twomey and we understand Mr. Twomey took out a policy of insurance with you. Notice is therefore given to you to the effect that Mr. Nelson was the owner of the property in question."

On October 10, 1969, Mr. Bob Manning, Branch Claims Supervisor for Farmers, sent the following response to plaintiff's attorneys:

"Your letter of September 30, 1969, addressed to our Corsicana office has been forwarded to this office along with a copy of the lease agreement signed by Meredith Twomey and your client Charles D. Nelson.

"We do not insure Mr. Nelson as a named insured nor do we insure him as an additional insured under any contract. In addition, we have never had a request to do so.

"Our company does have an insurance policy covering the contents items belonging to Mr. Tommy Twomey at the address shown in your letter.

"It is our understanding that Mr. Nelson is insured by Home Insurance Company and United States Fidelity and Guaranty Company.

"We regret our inability to be of service to you and your client."

In February, 1970, plaintiff filed this suit against Farmers and the Twomeys, alleging his ownership of the building and the equipment and fixtures; the lease; "that while the above lease was executed to the said Meredith Twomey, as Lessee, that she was and is the wife of Tommy L. Twomey, who thereby had a community interest in said leasehold estate"; the policy issued by Farmers; the failure of the Twomeys to comply with the insurance provision of the lease agreement, and plaintiff's lack of knowledge of that fact; the occurrence of the fire and plaintiff's resulting property loss while the policy was in force; notice to Farmers of the loss "within the time and in substantial compliance with the terms of said policy"; that "as owner of the property in question and under the terms and provisions of the lease," plaintiff was entitled to the proceeds of the policy to the extent of his loss, as against Farmers and the Twomeys; and that, by reason of the foregoing, he had a first lien on the policy proceeds.

Farmers answered with a general denial; and, while admitting the existence of the policy issued to Twomey, it denied any contract with plaintiff or liability to him, and affirmatively pleaded that Twomey's failure to comply with specified terms and conditions precedent of the policy, including the failure to file a proof of loss within 91 days, "voided or suspended" coverage thereunder.

Trial was to a jury. The Twomeys failed to appear for trial, but a portion of Mr. Twomey's deposition was read to the

jury. Answering special issues numbered as follows, the jury (1) found that within ten days from the date of the fire Farmers had notice that plaintiff was the owner of personal property in the building; (2) found that, prior to 90 days after the fire Farmers denied any liability to plaintiff; (3) and (4) found that plaintiff's property in the building was worth $11,000 less immediately after the fire than before; (5) refused to find that Mr. Twomey willfully concealed or misrepresented the fact that he was not the owner of all the contents of the building when he applied for the policy; (7) refused to find that certain activity on the part of Mr. Twomey constituted an increase in hazard within his knowledge and control; and (8) refused to find that, following the fire, Mr. Twomey gave immediate notice to Farmers of the loss, protected the property from further damage, separated the damaged and undamaged personal property, or furnished Farmers with a complete inventory of all property insured under the policy with details of the cost thereof, as he was required to do by the terms of the policy.

Farmers' motions for judgment on the verdict and for judgment notwithstanding the verdict were overruled; and judgment was rendered on the verdict for plaintiff against both Farmers and the Twomeys. Only Farmers has appealed.

Farmers assails the judgment in three points of error, asserting (1) that plaintiff "has no right to recover directly from Farmers since he is not a named insured, not an additional insured, not an omnibus insured, and is a complete stranger to the policy in question and is merely a lessor of the named insured, Twomey; and the equitable right of a mortgagee to claim the proceeds of a policy obtained by his mortgagor on the mortgaged property does not, as a matter of law, apply to a lessor such as Nelson"; and (2) that, in any event, neither Twomey nor plaintiff complied with the terms and conditions of the policy, which was a "prerequisite to the bringing of this suit"; and (3) that neither

plaintiff nor Twomey filed a proof of loss within 91 days after the loss as required by the policy, and that there is no evidence which supports the jury's finding (in answer to special issue No. 2) that Farmers denied liability to plaintiff or which shows that Farmers denied liability to Twomey.

In their briefs, the parties recognize the general rule that a fire insurance policy is a personal contract between the insurer and the insured named in the policy, and that a stranger to the policy may not ordinarily maintain a suit on it. Travelers Fire Ins. Co. v. Steinmann, (Tex. Civ.App., 1955, writ ref. n. r. e.) 276 S.W. 2d 849, 851. They also recognize as exceptions or a corollary to that general rule the following principles set forth in Fidelity & Guar. Ins. Corp. v. Super-Cold Southwest Co., (Tex.Civ.App., 1949, writ ref., n. r. e.) 225 S.W.2d 924, 927:

"It has been held many times by the courts of this state and practically every other state in this country that an agreement between a mortgagor and a mortgagee under which the mortgagor is charged with the duty of procuring insurance upon the mortgaged property for the benefit of the mortgagee, will encumber the proceeds of any insurance so procured by the mortgagor with a lien in favor of the mortgagee. In such cases it is the duty of the mortgagor to have a provision inserted in the policy that the proceeds shall be payable to the mortgagee as his interest might appear; but, where he fails to do so, equity will treat the policy as having contained such a provision upon the principle that equity treats that as done which should have been done. Of course, if the insurer is not informed of such an agreement, it is not bound thereby, but after the information is given to it, the duty rests upon the insurer to treat the proceeds of the policy as though such a provision was written into the policy. * * *

"The rule is also established by our courts that, although the requirement of

the policy that proof of loss shall be furnished to the insurer places that burden upon the insured, where he fails or refuses to do so, it is both the duty and the privilege of the mortgagee to furnish such proof. * * * *All this has the effect of putting the mortgagee in the place occupied by the insured mortgagor * * *.*" (Emphasis added.)

Farmers argues that the equitable principles set forth in *Super-Cold* apply in Texas only to a mortgagee-mortgagor relationship; and that plaintiff's attempt to enlarge those rules to include a lessor unnamed in a policy issued to a lessee should be denied. We disagree. While we find no Texas case that applies those principles to a lessor-lessee arrangement, the courts of this state have held many times that they have application to circumstances involving parties who are not mortgagee and mortgagor. See, for example, Abilene White Truck Co. v. Petrey, (Tex.Civ.App., 1964, writ ref., n. r. e.) 384 S.W.2d 211, 213; Gilbert v. Mooring, (Tex.Civ.App., 1935, err. dism.) 88 S.W.2d 537, 541; Hartford Fire Ins. Co. v. Evans, (Tex. Civ.App., 1923, no writ hist.) 255 S.W. 487, 490; Walter Connally & Co. v. Hopkins, (Tex.Civ.App., 1917) 195 S.W. 656, 661, opinion approved, Hopkins v. Walter Connally & Co., (Tex.Com.App., 1920) 221 S. W. 1082. Cf. Travelers Fire Ins. Co. v. Steinmann, (Tex.Civ.App., 1955, writ ref., n. r. e.) 276 S.W.2d 849, 851. Moreover, a review of the holdings of the courts of other states reveals an almost universal agreement that those principles apply as well to lessors and lessees as they do to mortgagees and mortgagors. For example cases, see Houston Canning Company v. Virginia Can Co., 211 Ala. 232, 100 So. 104, (1924); Alexander v. Security-First Nat. Bank of Los Angeles, (1936) 7 Cal.2d 718, 62 P.2d 735; City of Jefferson v. Trustees of Martin Institute, (1945) 199 Ga. 71, 33 S.E.2d 354. Other cases are listed in the annotation at 66 A.L.R. 866. See also, 44 Am.Jur.2d 676, Insurance, Sec. 1763; 46 C.J.S. Insurance § 1144 p. 23; Appleman, Insurance Law And Practice, Vol. 5A, p. 206, Sec. 3365.

We hold that a breach by a lessee of a contract to insure the leased property for the benefit of his lessor will charge the benefits of any insurance taken out by the lessee on the leased property with a lien in favor of the lessor; and that the lessor may proceed directly against the insurer to recover his pro rata share of any funds payable under the policy.

Mr. Bob Manning, while answering questions about the letter (set forth above) which he wrote to plaintiff's attorneys, testified as follows: "A. In my opinion, we denied coverage to Mr. Nelson. Q. You denied that you had any coverage to him didn't you? A. That's correct. Q. And therefore, you had no liability to him? A. Well, I think you could presume that if we have no coverage, we have no liability."

In our opinion, Manning's letter, alone, is legally sufficient evidence to support the jury's answer to special issue No. 2, finding that Farmers denied liability to plaintiff. In any event, the letter coupled with Manning's testimony sufficiently supports the finding.

Farmers denial of liability to plaintiff was made within 18 days after the fire loss, and within 10 days after Farmers had notice of plaintiff's interest in the proceeds of the policy. The denial was not based upon the failure of plaintiff or Twomey to comply with some provision of the policy; rather it was based upon the assumption that plaintiff was not an insured under the policy. By repudiating any liability to plaintiff under the policy, Farmers thereby waived the policy requirements that plaintiff file a proof of loss within 91 days, Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43, 44 (1947); or that he otherwise comply with, or have Twomey comply with, the terms and provisions of the policy before bringing this suit. Pappadakis v. Netherlands F. & L. Ins. Co.,

137 Wash. 430, 242 P. 641 (1926); Grant v. Sun Indemnity Co. of New York, (1938) 11 Cal.2d 438, 80 P.2d 996; Appleman, Insurance Law And Practice, Vol. 16A, p. 672, Sec. 9260.

Farmers' points and contentions are overruled. The judgment is affirmed.

Affirmed.