**CABLE COMMUNICATIONS NETWORK, INC.,**
**Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

No. C14–91–01395–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1992.

---

Damon R. Capps, Houston, for appellant.

Bruce A. Rokohl, Katherine D. Hunt, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Cable Communications Network ("CCN") appeals from an adverse summary judgment granted on its cross-claim in an interpleader action filed by its insurer, Aetna Casualty & Surety Company ("Aetna"). CCN claimed property damage to certain television equipment under its policy with Aetna. A third party, Dr. Dube, also made a claim for the property damage. In response to the competing claims, Aetna interpled the policy proceeds in the pending suit between the two claimants. CCN cross-claimed, alleging that Aetna by filing the interpleader breached the contract of insurance and various other duties it owed to CCN under the policy. The trial court granted summary judgment in favor of Aetna. CCN appeals. We affirm.

CCN attacks the summary judgment on three grounds, asserting that: 1) all causes of action raised by CCN were not addressed in Aetna's motion for summary judgment; 2) genuine fact issues existed regarding whether Aetna's actions in filing the interpleader were reasonable; and 3) genuine fact issues existed regarding whether Aetna's actions in filing an interpleader constituted bad faith and breach of its insurance contract with CCN. We will discuss each of these grounds in conjunction with the factual and procedural history of the case.

CCN was a successor in interest to 1960 Broadcasting Ltd. which originally leased

certain television/broadcasting equipment from Dr. Clarence Dube. The written terms of the lease provided that the lessor, Dr. Dube, would provide insurance for the leased equipment. However, the Aetna policy in issue was obtained by CCN, the named insured, and covered the leased equipment, which was subsequently damaged by a fire at CCN's premises.

Aetna admitted coverage for the damaged equipment, but during its adjustment and investigation of CCN's claim, Aetna learned that Dr. Dube maintained there was an oral modification of the original lease between Dube and CCN's predecessor in interest, 1960 Broadcasting Ltd. This modification provided that CCN's predecessor as lessee would obtain insurance for Dube's benefit. Upon further investigation, Aetna received confirmation of this oral modification by Robert Malloy, the official who signed the original lease with Dube. These facts were asserted by Aetna in its affidavit supporting the motion for summary judgment, and no contradictory evidence was offered thereto by CCN.

Dr. Dube formally notified Aetna by letter on February 13, 1987, of his claim to the insurance proceeds and advised that any disbursement of the funds to CCN would be at Aetna's peril. Aetna offered to pay the policy proceeds to CCN and obtain a bond to cover Aetna in the event the Dube claim was valid. Some dispute existed between the parties as to the amount offered by Aetna, whether CCN rejected this offer, and the date on which it was to be paid. In any event, because of the adverse claim by Dube, Aetna ultimately interpled $141,977.30 in the suit already pending between CCN and Dube, and asked the trial court to determine who should receive the funds.

In response to Aetna's interpleader, CCN filed a cross-action against Aetna alleging that Aetna breached its contract of insurance by interpleading the money into the court's registry. CCN also alleged Aetna breached its duty of good faith and fair dealing with its insured, violated Section 21.21 of the Texas Insurance Code and violated Sections 17.46(a), 17.46(b), and 17.50 of the Texas Deceptive Trade Practices–Consumer Protection Act. CCN argued that because the insurance policy issued by Aetna expressly named CCN as beneficiary, and the alleged oral modification was not in writing, Aetna was legally obligated to pay the proceeds to CCN, and the failure to do so constituted breach of contract and bad faith.

■ In its first point of error, CCN claims that the trial court erred in granting Aetna's motion for summary judgment as to CCN's entire claim because the motion failed to address all causes of action, specifically negligence, raised by CCN. However, we find CCN failed to specifically plead negligence in its cross-action and therefore waived it for appellate purposes. A summary judgment respondent must present all issues to the court in the written response, or those issues are waived for appeal. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). In *Clear Creek*, the court held that the non-movant must in a written answer or response to the motion, expressly present to the trial court any issues that would defeat movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal. The only exception is an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, which may be raised on appeal without a written response. *Id.* at 678–679. While CCN did mention the word "negligent" in its response to the summary judgment motion, there were no pleadings to support it. Standing alone, the mere mention of the word "negligent" without pleadings to support it, is not sufficient to raise this issue.

■ In its second point of error, CCN asserts that Aetna's summary judgment motion should have been denied because CCN raised fact issues as to whether Aetna's decision to file the interpleader was

reasonable. While CCN did not specifically plead this allegation, its pleadings imply that Aetna's action was unreasonable. And, at least insofar as the insurer's right to attorney's fees is concerned, the question is whether its failure to pay one claimant or the other is in good faith based on a reasonable doubt either of fact or law as to which is entitled to the fund. *Givens v. Girard Life Ins. Co. of Am.,* 480 S.W.2d 421, 428 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e). The thrust of CCN's point here and of its last point of error is that Aetna should have known as a matter of law that Dube's claim of a modification of the policy was invalid because it was oral and not in writing. With no written modification of the policy, CCN asserts that Aetna had no choice but to pay CCN. We find CCN's approach unduly restrictive and incomplete in its analysis of existing insurance law.

Although a stranger to the policy generally cannot maintain a suit on the policy, Texas courts have established several exceptions to that rule. For example, if a lessee promised the lessor that the leased property would be insured for the lessor's benefit and failed to do so, the benefits of the insurance policy taken out by the lessee on the leased property would be subject to the lien in favor of the lessor, and the lessor may then proceed directly against the insurance company to recover its share of any funds payable under the policy. *Farmers Insurance Exchange v. Nelson,* 479 S.W.2d 717, 721 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.). Also, we have held that an oral agreement to purchase insurance to protect a third party's interest in the insured property will allow the third party to sue the insurer even though he is not named in the policy. *Tillerson v. Highrabedian,* 503 S.W.2d 398, 399–400 (Tex. Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e). Likewise, if a lessee agrees to obtain insurance on property with loss payable to the lessor but fails to do so, equity will treat the policy as having contained the loss payable provision and entitle the mortgagee or lessor to recover under the policy.

*State Farm Fire & Casualty Company v. Leasing Enterprises, Inc.,* 716 S.W.2d 553, 554 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In light of these cases, Aetna clearly had reason to fear the validity of Dube's conflicting claim.

■ Finally, CCN asserts that the trial court erred in granting appellee's motion for summary judgment because appellant raised fact issues for determination involving whether Aetna's actions in filing the interpleader were in bad faith and a breach of its contract with CCN. The Rules of Civil Procedure provide that a disinterested stakeholder may interplead funds when they are the subject of conflicting claims such that the party is or may be exposed to double or multiple liability. Tex.R.Civ.P. 43. In Texas, an insurance company may maintain an interpleader suit if there exists a reasonable doubt, either of fact or law, as to which of the rival claimants was entitled to the proceeds of the policy. *Great American Reserve Ins. Co. v. Sanders,* 525 S.W.2d 956, 958 (Tex.1975); *Holmquist v. Occidental Life Ins. Co. of Calif.,* 536 S.W.2d 434, 437 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e); *Gallaher v. American–Amicable Life Ins. Co.,* 462 S.W.2d 626, 629 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); *Givens v. Girard Life Ins. Co. of Am.,* 480 S.W.2d 421, 428 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Texas courts have uniformly held that an insurer will not be liable for statutory penalties and attorney's fees for interpleading insurance proceeds due to conflicting claims. *Holmquist v. Occidental Life Ins. Col of Cal.,* 536 S.W.2d at 437. We overrule appellant's second and third points of error.

Appellant's reasoning, if applied to this case, would place Aetna in an untenable position. Aetna learned during its investigation of Dube's contention that the lease was orally modified. It confirmed this with the prior lessee, Robert Malloy, who signed the lease. Aetna also received a specific written claim from Dube for the proceeds, and was on notice that he would proceed

directly against them if Aetna paid the proceeds to CCN. Finally, Aetna was aware of the underlying lawsuit between CCN and Dube regarding the lease in question. With these facts in hand, Aetna had a reasonable belief that there were serious conflicting claims which necessitated turning to the court for determination of the proper payee. An insurance company should not be compelled to act as judge and jury at its own peril when faced with such claims. *Great American Reserve Ins. Co. v. Sanders,* 525 S.W.2d at 959. Interpleading the funds is the only realistic remedy. Aetna properly availed itself of that remedy.

This case differs from the usual "bad faith" insurance suit in that the bad faith allegations were not asserted against *how* Aetna settled the claim, but against the actual filing of the interpleader itself. We find no basis for holding that Aetna acted in bad faith or breached its contract to CCN by turning to the courts to resolve these serious conflicting monetary claims, rather than adjudicating them at its own risk. The courts of this state have continuously encouraged interpleader actions as a reasonable method for resolving serious conflicting claims to insurance proceeds. In reviewing Aetna's decision to interplead the contested funds, it would have been inappropriate for the trial court and for us, as an appellate court, to determine which of the two claimants was correct. Nor can we by hindsight rule that Aetna should have made that choice at its peril. Interpleader was clearly the proper action for Aetna under such a "no-win" situation.

The judgment of the trial court is affirmed.